08-3428-ag
Lin v. Holder

BIA
Brennan, IJ
A099 429 066
A099 429 067

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:
　　　　JOSEPH M. McLAUGHLIN,
　　　　JOSÉ A. CABRANES,
　　　　RICHARD C. WESLEY,
　　　　　　　*Circuit Judges*.
_____

MEI LIN, YI XIAO HUANG,
　　　　　*Petitioners*,

　　　v.　　　　　　　　　　　　　　　　08-3428-ag
　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
　　　　　*Respondent*.
_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONERS:** Richard Tarzia, Belle Mead, New Jersey.

**FOR RESPONDENT:** Michael F. Hertz, Deputy Assistant Attorney General, Civil Division, Ernesto H. Molina, Jr., Assistant Director, Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Mei Lin and Yi Xiao Huang, both natives and citizens of China, seek review of the June 16, 2008 order of the BIA: (1) vacating the May 30, 2006 decision of Immigration Judge ("IJ") Noel A. Brennan granting Lin's application for asylum; (2) pretermitting Lin's application for asylum and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"); and (3) denying Lin's motion to remand.[2] *In re Mei Lin and Yi Xiao Huang*, Nos. A099 429 066/067 (B.I.A. June 16, 2008), *aff'g*

---

[2] Mei Lin's asylum application included her husband, Yi Xiao Huang, as a derivative applicant. The BIA's decision discussed only Lin's eligibility for asylum and related relief. Therefore, for the sake of clarity, this order refers only to Lin throughout.

2

Nos. A099 429 066/067 (Immig. Ct. N.Y. City May 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to review the BIA's decision insofar as it pretermitted as untimely Lin's application for asylum. *See* 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Lin has made no such argument. Rather, Lin challenges the BIA's discretionary determination that she did not show changed circumstances sufficient to excuse the untimeliness of her asylum application, which is precisely the type of argument that we lack jurisdiction to review. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We dismiss the petition for review to that extent, and proceed to review Lin's challenge to the BIA's denial of her application for withholding of removal and CAT relief.

Because the BIA vacated the IJ's decision, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See, e.g., Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

3

The BIA did not err in denying Lin's application for withholding of removal and CAT relief.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).  Contrary to Lin's arguments that the BIA failed to consider the "extensive" country conditions evidence that she presented, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  *Id.* at 169; *Xiao Ji Chen,* 471 F.3d at 337 n.17. ("presum[ing] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  Moreover, we have previously reviewed the BIA's consideration of evidence similar to that which Lin submitted and found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution.  *See Jian Hui Shao*, 546 F.3d at 156-65.

Finally, the BIA did not abuse its discretion in denying Lin's motion to remand.  *See Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir. 2005).  As the BIA found, the "bulk" of her evidence was not previously unavailable.  *See* 8 C.F.R. § 1003.2(c)(1).  With respect to

4

the remaining evidence, the BIA acted well within its discretion in finding that the record was sufficiently complete such that remand was not warranted.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____